IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISRAEL BANDA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-3590-K |
| | § | (3:11-CR-147-K-22) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Israel Banda, a federal prisoner, has filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255.  *See* No. 3:13-CV-3590-K, Dkt. Nos. 4 & 5. For the reasons that follow, it is ordered that his motion be **DENIED**.

I.    Background

Banda was named in a single-count superseding indictment, charging him with conspiracy to possess with intent to distribute, and distribution of, a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(viii), on June 21, 2011. *See* Dkt. No. 75.

On January 4, 2012, Banda's original court-appointed attorney, Juan Carlos Sanchez, was allowed to withdraw, and Carolyn Hill was substituted as attorney of record. *See* Dkt. No. 289.

On July 31, 2012, pursuant to a plea agreement, Banda pleaded guilty. *See* Dkt. Nos. 459-461, 465, 466. And on October 30, 2012, he was sentenced to 120 months' imprisonment. *See* Dkt. No. 514. As explained in the Statement of Reasons

accompanying the Judgment, while the advisory guideline range associated with Banda's conviction was 262 to 327 months' imprisonment, after considering the factors of the advisory guidelines and the statutory concerns listed in 18 U.S.C. § 3553(a), the Court found that a term of 120 months' imprisonment – the mandatory minimum statutory sentence – was appropriate. *See* Dkt. No. 515; *see also* Dkt. No. 486 (the presentence report ("PSR")).

On November 6, 2012, Banda filed a *pro se* notice of appeal. *See* Dkt. No. 521. Ms. Hill filed a notice of appeal on Banda's behalf the same day. *See* Dkt. No. 522. Banda then filed a *pro se* motion dismissing the appeal on November 15, 2012, *see* Dkt. No. 530, and the next day filed his first motion to vacate sentence under 28 U.S.C. § 2255, *see* Dkt. No. 535. The United States Court of Appeals for the Fifth Circuit dismissed Banda's direct appeal on November 30, 2012. *See* Dkt. No. 548. And Ms. Hill was allowed to withdraw as his attorney on December 19, 2012. *See* Dkt. Nos. 539 & 553.

On December 27, 2012, Banda moved to withdraw his initial Section 2255 motion [Dkt. No. 535], and the Court granted his motion on January 7, 2013. *See* No. 3:12-CV-4677-K, Dkt. Nos. 5 & 6.

Banda's current habeas petition is timely. *See* 28 U.S.C. § 2255(f)(1).

II.     **Habeas Claims**

Following conviction and exhaustion or waiver of the right to direct appeal, a

court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. Furthermore, Banda voluntarily pleaded guilty and waived his right to collaterally attack his conviction, except for claims (1) challenging the voluntariness of (a) his guilty plea or (b) the waiver in the plea agreement and (2) asserting ineffective assistance of counsel. *See* Dkt. No. 459, ¶ 11.

All four of Banda's habeas claims assert that his counsel, Ms. Hill, was constitutionally ineffective because – Banda argues – (1) counsel failed to file an appeal as instructed; (2) counsel failed to adequately argue Banda deserved guideline reductions for minor role and safety valve; and (3) he plead guilty based on counsel's erroneous advice.

The Court reviews Sixth Amendment ineffective-assistance-of-counsel claims under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Banda must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See* 466 U.S. at 687-88. To be cognizable under *Strickland*, counsel's error(s) must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at

687. Banda also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

### A.     Alleged Ineffectiveness—Notice of Appeal [Ground One]

"The general rule announced in *Strickland* ... is modified when the complained of performance results in the actual or constructive denial of any assistance of appellate counsel." *United States v. Cooley*, 549 F. App'x 307, 308 (5th Cir. Dec. 19, 2013) (per curiam) (quoting *Harris v. Day*, 226 F.3d 361, 364 (5th Cir. 2000)).

> [I]f the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver.

*United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007); *see also United States v. Cong Van Pham*, 722 F.3d 320, 323-24 (5th Cir. 2013) (discussing *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (in which "the Supreme Court elucidated how the *Strickland* test applies in the context of counsel's failure to file an appeal 'when the defendant has not clearly conveyed his wishes [regarding an appeal] one way or the other'")). This presumption of prejudice "applies even 'in cases involving appeal waivers that also include [ ] a waiver of collateral review.'" *Cooley*, 549 F. App'x at 308 (quoting *Tapp*, 491 F.3d at 265).

Thus, "[t]he law is clear that, if a defendant requests counsel to file a notice of appeal, counsel's failure to do so constitutes ineffective assistance, entitling the defendant to an out-of-time appeal." *United States v. Rodriguez*, Criminal No. H–05–0350, Civil No. H–08–2991, 2011 WL 5358685, at *5 (S.D. Tex. Nov. 3, 2011) (citation omitted). And "the Fifth Circuit has held that, where a defendant alleges in a section 2255 motion that counsel failed to follow his instructions to appeal, the district court [generally] must hold an evidentiary hearing to determine whether the request was made." *Id.* (collecting cases); *see, e.g., Barajas-Sanchez v. United States*, Nos. 3:11–CV–3226–K, 3:09–CR–290–K(02), 2012 WL 6049008, at *5 (N.D. Tex. Dec. 4, 2012) ("Contested issues cannot be decided on the basis of affidavits alone unless supported by other evidence in the record, *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981), and whether an appeal was requested is a contested issue where a movant alleges in a § 2255 motion that he requested that his attorney file an appeal, and counsel submits an affidavit stating that his client did not make this request." (also citing *United States v. Thomas*, 216 F.3d 1080, 2000 WL 729135, at *1 (5th Cir. May 15, 2000) (per curiam))).

But, if the record in a particular case conclusively shows whether and when a defendant requested that his counsel file an appeal, an evidentiary hearing is not necessary. *Cf. United States v. Sheid*, 248 F. App'x 543, 545 (5th Cir. Sept. 20, 2007) (per curiam) (citing *Tapp*, 491 F.3d at 266). This exception to the general rule is

illustrated by *Kendrix v. United States*, Nos. 3:11–CV–2866–P, 3:06–CR–350–P(11), 2012 WL 3101296 (N.D. Tex. July 31, 2012):

> [T]he Fifth Circuit has held that a hearing must be held where there is a contested issue or where the record does not conclusively show whether and when a movant requested that a notice of appeal be filed. In this case, however, there is no contested issue. Furthermore, the record is clear that movant asked to file an appeal immediately after he was sentenced. Specifically, movant asserts in his affidavit that he asked for counsel to file an appeal right after sentencing, and counsel agrees. Movant, through his reply brief, was given an opportunity to contest counsel's sworn statement that he then counseled movant about an appeal and that movant then declined. Movant did not contest this characterization of events. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Because there is no contested issue, and the record is not in dispute, movant is not entitled to either an evidentiary hearing or relief on this issue.

*Id.* at *6.

In his signed memorandum of law in support of the habeas application – which Banda "swear[s] or affirm[s] under penalty of perjury … is true and correct" [Dkt. No. 5 at 14] – Banda states counsel fail[ed] to consult with him and/or [ ] fail[ed] to file a notice of appeal on his behalf." *Id.* at 3; *see also id.* at 4 ("[D]efense counsel's failure to file a notice of appeal that would have allowed Banda the opportunity to contest the district court's ruling was per se ineffective assistance of counsel.").

But this claim is conclusively undercut by the record in this case. Not only was the notice of appeal counsel filed on Banda's behalf [Dkt. No. 522] on November 6, 2012 timely, *see* FED. R. APP. P. 4(b)(1)(A), but that notice was only filed after Banda

himself filed a *pro se* notice of appeal [Dkt. No. 521]. *See* No. 3:13-CV-3590-K, Dkt. No. 9-1, Carolyn A. Hill Aff., at 53 ("I was never contacted directly by Defendant regarding his wish to appeal. On November 6, 2012, I was informed by ECF that Defendant filed his own appeal and I timely filed a Notice of Appeal on November 6, 2012."). Therefore, the record conclusively establishes that counsel filed a notice of appeal on Banda's behalf. Through the opportunity to file a reply, moreover, Banda could have contested counsel's sworn affidavit. He did not avail himself of that opportunity. Consequently, there is no contested fact issue as to Banda's ineffectiveness claim based on his discredited claim that counsel failed to follow his instructions to appeal. Thus, "[b]ecause there is no contested issue, and the record is not in dispute, [Banda] is not entitled to either an evidentiary hearing or relief on this issue." *Kendrix*, 2012 WL 3101296, at *6.

      **B.**      **Alleged Ineffectiveness—Guideline Objections [Grounds Two and Three]**

Banda next argues that his counsel was ineffective because she failed to adequately and/or effectively argue that Banda should have received a minor role adjustment under USSG § 3B1.2 and that Banda qualified for safety valve consideration under USSG § 5C1.2 and 18 U.S.C. § 3553(f). *See* Dkt. No. 5 at 7-10.

Banda's counsel, however, raised both arguments in Banda's objections to the PSR, *see* Dkt. No. 493 at 4-5, and argued at sentencing that Banda "should have received a safety valve reduction and that [Banda's] participation was minimal[,]" No.

3:13-CV-3590-K, Dkt. No. 9-1 at 52. And the Court overruled Banda's objections to the PSR and found that a term of 120 months' imprisonment – the mandatory minimum statutory sentence – was appropriate. *See* Dkt. No. 515.

Simply put, "[b]ecause counsel raised [these] objection[s] and [they were] overruled by the Court, [Banda] cannot establish that he was subjected to any increased jail time as a result of his attorney's deficient performance." *Perez v. United States*, Nos. 3:07–cr–154–K(11), 3:12–cv–4144–K, 2013 WL 518660, at *2 (N.D. Tex. Feb. 12, 2013); *see Ramsey v. United States*, Civil Action No. 3:05-CV-0357-L, No. 3:00-CR-0389-L-01, 2007 WL 2398499, at *13 (N.D. Tex. Aug. 22, 2007) ("With respect to the alleged failure of counsel to object to double counting that allegedly occurred when his sentence was enhanced based upon his role in the offense, the Court finds that counsel in fact objected to perceived double counting at sentencing. The Court overruled the objections. The Court finds no deficiency of counsel related to the alleged failure to object to double counting." (record citations omitted)).

### C. Alleged Ineffectiveness—Guilty Plea [Ground Four]

Finally, Banda contends that his counsel, in advising him as to whether to plead guilty, failed to explain to him that the amount of drugs to which he was pleading guilty carried a mandatory statutory minimum sentence. *See* No. 3:13-CV-3590-K, Dkt. No. 5 at 11-13.

> Ergo, had Banda's attorney fully explained to him that a mandatory minimum attaches to 450 grams of Methamphetamine, and that, the

   sentencing range of 70-87 months was not guaranteed, there's a reasonable probability that, but for counsel's errors, Banda would [not] have pleaded guilty and would have insisted on going to trial.

*Id.* at 12 (bracket in original).

  A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him," *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)), and a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion, *see United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

  The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gratia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the admonishments required under Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *See id.* at 627.

  Banda's assertion – that he plead guilty on the advice of counsel that he would not be subject to a mandatory statutory minimum sentence and, instead, would receive

a considerably lower guideline sentence – is belied by the transcript of Banda's July 2, 2012 re-arraignment. *See, e.g.,* Dkt. No. 621 at 6:13-15 (the Court explained to Banda that "[i]n federal court the judge determines the penalty whether the defendant is convicted upon a plea of guilty or upon a jury verdict"); 6:27-7:13 (the Court cautioned Banda – and he acknowledged that he understood – that he "should never depend or rely upon any statement or promise by anyone, whether connected with law enforcement, the government, your attorney or anyone else as to what the penalty will be"); 7:20-8:22 (Banda acknowledged that he understood the Court's advisories as to the sentencing guidelines, including that "[t]he district judge will not be able to determine the guideline range until after a presentence report has been prepared, and you and the government have had an opportunity to challenge the facts and the conclusions reported by the probation officer"); 12:12-13:10 (Banda acknowledged that, by pleading guilty, he understood he was facing "[a] term of imprisonment of not less than ten years").

This sworn testimony carries a strong presumption of verity in this – a subsequent post-conviction – proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). And "[n]othing in the record supports [Banda's] conclusory and self-serving assertion that his plea was improperly induced, involuntary, or made without understanding of its consequences." *United States v. Presley*, Nos. 3:12–CV–0978–P, 3:07–CR–0338–P(01),

2012 WL 3184467, at *2 (N.D. Tex. Aug. 6, 2012) (citing *Salazar v. United States*, No. 3:08–CV–1799–L, 2008 WL 4791461 at *3 (N.D. Tex. Oct. 31, 2008) (conclusory assertions in section 2255 motion do not overcome presumption of verity attached to prior testimony that guilty plea was knowing and voluntary)). The Court therefore finds no merit to Banda's claim that his plea of guilty was not voluntary, knowing, and intelligent.

### III. Evidentiary Hearing

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Banda's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

**SO ORDERED.**

Signed March 4th, 2015.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE